Frank S. Hedin (SBN 291289)
**HEDIN LLP**
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com

Adrian Gucovschi (State Bar No. 360988)
**GUCOVSCHI LAW FIRM**
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 884-4230
E-Mail: adrian@gucovschilaw.com

*Counsel for Plaintiff and Putative Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA ROBERTS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BODY FIRM, LLC,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>(DEMAND FOR JURY TRIAL) |

Plaintiff Teresa Roberts brings this action on behalf of herself and all others similarly situated against Defendant The Body Firm, LLC.  Plaintiff makes the following allegations pursuant to the investigation of her counsel and upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

## INTRODUCTION

1.    This is a putative class action lawsuit against Defendant for engaging in an illegal false discount scheme.

2.    Defendant sells a wide range of cosmetics aimed at treating skin conditions through various online channels, including at its website, www.thebodyfirm.com (the "Website"), and in advertisements on social-media sites, including Instagram. Defendant has engaged in a widespread deceptive pricing scheme to induce consumers to purchase its promotional "Age-Defying Body & Face Kit" (the "Product") by falsely advertising a massive "25% Off" discount from a purported regular price that Defendant never charges. Defendant also represents that these offers are limited-time sales and use countdown timers, even though the same sale is always available. This deceptive discount pricing scheme misleads reasonable consumers into believing they are receiving an extraordinary limited-time deal, and it violates California's prohibitions on false advertising and misleading pricing.

3.    For the foregoing reasons, Plaintiffs bring this action individually and on behalf of all purchasers of any of Defendant's Product who, within the applicable statute of limitations period up to and including the date of judgment in this action, were induced by Defendant's false sales in purchasing the Product.  Based on Defendant's unlawful conduct, Plaintiffs seek damages, restitution, declaratory relief, injunctive relief, and reasonable attorneys' fees and costs, for: (1) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (2) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (4) negligent misrepresentation; (5) intentional misrepresentation; (6) breach of contract; and (7) breach of express warranty.

**THE PARTIES**

4.      Plaintiff Teresa Roberts is, and at all times relevant hereto was, a citizen and resident of Paradise, California. On or about October 14, 2025, Plaintiff made a purchase of the "Age-Defying Body & Face Kit" (the "Product") from Defendant's Website at a discounted rate of $59.95 after seeing Defendant's "25% Off" discount. At the time she made her purchase, Plaintiff saw and relied on Defendant's "25% OFF" discounts depicted below. Had Plaintiff been aware that the limited-time sale was not genuine, she would not have purchased the Product at all or on the same terms. Plaintiff also paid a premium for the Product due to Defendant's false discount representations, time-pressure tactics, and misleading enrollment representations.

5.      The facts giving rise to Plaintiff's claims are materially the same as those of other members of the Class he seeks to represent

6.      Defendant The Body Firm, LLC is a Delaware corporation that maintains its corporate headquarters and principal place of business in El Segundo, California. Defendant is an online-based retailer of cosmetics aimed at repairing skin conditions, which it sells to consumers on its Website and through social media advertisements to consumers nationwide, including throughout California.

7.      Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, and/or conspired in the false and deceptive conduct alleged herein.

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this is a putative class action where the aggregate amount sought by members of the proposed class exceeds $5,000,000.00, exclusive of interests and costs, there are over 100 members of the putative class, and at least one class member is a citizen of a state different from Defendant.

9.      Personal jurisdiction and venue are proper because Defendant is headquartered within this judicial District. Additionally, Defendant has, at all times relevant hereto, systematically

and continually conducted, and continues to conduct, business in California, including within this judicial District, through the promotion, marketing, and sale of its products, which gave rise to Plaintiff's injury.

## FACTUAL BACKGROUND

### A.    California's and FTC's Ban on Fake Discounts

10.    Advertised "sale" prices are important to consumers. Consumers are more likely to purchase an item if they believe that they are getting a good deal. Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else. California law provides clear guidelines as to permissible and unlawful sales tactics:

11.    While there is nothing wrong with a legitimate sale, a fake one—that is, one with misleading regular prices and deceptive discounts—is illegal.

12.    Section 17500 of California's False Advertising Law prohibits businesses from making statements they know or should know to be untrue or misleading. Cal. Bus. & Prof. Code § 17500. This includes statements falsely suggesting that a product is on sale when it actually is not.

13.    Moreover, section 17501 of California's False Advertising Law provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising. Cal. Bus. & Prof. Code § 17501. So, in addition to generally prohibiting untrue and misleading fake discounts, California's False Advertising Law also specifically prohibits this particular flavor of fake discount (where the advertised former price is not the prevailing price during the specified timeframe).

14.    In addition, California's Consumers Legal Remedies Act prohibits "advertising goods or services with intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code § 1770(a)(9), (13).

15.    The Federal Trade Commission's regulations also prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1. They also

prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case. 16 C.F.R. § 233.1.

16.    As numerous courts have found, fake sales violate these laws. They also violate California's general prohibition on unlawful, unfair, and deceptive business practices. *See* Cal. Bus. & Prof. Code § 17200.

**B.    Defendant's fake sales and hidden insurance fee are unlawful and misleading.**

17.    Defendant has long employed a deceptive "fake sale" pricing scheme to lure customers into purchasing its products. The scheme centers on advertising the Product as being on sale at a steep discount – specifically, "25% OFF" – all the time, thereby creating a false impression of a limited-time bargain.

18.    On its Website and promotional materials, Defendant prominently displays its false discount. For example, from at least 3 months prior to Plaintiff's purchase and through the filing of this Complaint, Defendant advertised a "End of Summer Sale" of "25% OFF" using strike-through prices.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





## Best Sellers



CREPE ERASE®
**Age-Defying Body & Face Kit**
Treat crépey skin from head-to-toe with our most powerful system and achieve visibly firm, smooth, youthful-looking skin.

~~$79.95~~ **$59.95**

SHOP NOW



19.    Reasonable consumers understand such representations to mean $79.95 is Defendant's regular, non-sale price, and that they are being given a time-limited opportunity to buy them at a 25% discount from the regular price. A representation of "25% OFF" discount plainly conveys that the consumer is getting a tremendous deal compared to what the product or service normally costs.

20.    In reality, however, Defendant **never** charges $79.95 for the Product. That price is fiction.  Instead, it is an inflated reference point that Defendant uses to make its perpetual sale look legitimate. Thus, $79.95 is a false former price that overstates the Product's true value and misleads consumers about the purported savings.

21.    In addition to its false and misleading $79.95 reference price, the "25% OFF" sale is effectively never-ending. Each of these promotions implies that the discount is tied to a specific time frame or event and that after the event, the price may go back up. Defendant reinforces this impression by including timers directly adjacent to those promotions, urging consumers to act fast before the deal expires. However, as soon as one sale period ends, another begins. Investigations using the Internet Archive's Wayback Machine[1] confirms that Defendant's limited-time sale messaging has been present virtually continuously over the last year, simply rebranded for different seasons or promotions.

22.    To verify that Defendant always offers the purported 25% OFF limited discount, Plaintiff's counsel performed an investigation of Defendant's advertising practices using the Internet Archive's Wayback Machine. That investigation confirms Defendant's perpetual sales in the same layout and design as the sampler pictures above.

23.    Defendant's fake discount pricing scheme violates California's laws and FTC regulations. Reasonable consumers do not realize the fake nature of the sale. It is not apparent from merely purchasing the Product, because the sale appears to be a bona fide sale. Consumers do not have any reason to go back to the Website day after day to discover that there is still a sale. And, even a consumer who occasionally checks the Website would reasonably believe that there happened

---

[1] https://web.archive.org/web/20230415000000*/https://www.ultimate-guitar.com/ (last accessed November 20, 2025).

to be another sale—especially when Defendant changes the names of its sales despite offering the same or a similar discount. Discovering Defendant's deception required extensive mining of internet archives.

24.    Defendant's misrepresentations regarding the price and discount of the Product were material to consumers' decisions. A reasonable consumer attaches importance to whether a "25% OFF" deal is genuine – such a deep discount implies huge savings and often triggers an urgent desire to buy now rather than later (to avoid missing out). As studies have found, "[n]early two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[2] And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[3] Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[4]

25.    Had consumers known that the "25% OFF" discount was always available, and that the $79.95 reference price was false, they would not have been influenced by the urgency or perceived value of the offer. As a result, Plaintiff and the Class members made a purchase they might have postponed or foregone and otherwise paid a premium for the Product due to Defendant's deceptive conduct.

26.    As set forth in further detail below, Plaintiff's claims, which are based on Defendant's use of false discounts, constitute "unlawful" conduct under the UCL.  Plaintiff's claims are also based on Defendant's practice of false discounts, which also violates the "fraudulent" and "unfair"

---

[2] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying behavior/.

[3] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (https://www.prnewswire.com/news releases/retailmenot-surveydeals- and-promotional-offers-drive-incremental-purchases-online especially-among-millennial-buyers-300635775.html).

[4] 7https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black Friday email | Adestra (uplandsoftware.com) (400% higher conversation rate for ad with countdown timer).

prongs of the UCL.  Additionally, Plaintiff brings this action against Defendant for violations of the CLRA and FAL, negligent misrepresentation, intentional misrepresentation, breach of contract, and breach of express warranty.

## No Adequate Remedy at Law

27.    For their equitable relief claims, Plaintiff lacks an adequate remedy at law to address the unfair conduct at issue here. Legal remedies available to Plaintiff and Class are inadequate because they are not equally prompt, certain, and in other ways efficient as equitable relief. Damages are not equally certain as restitution because the standard that governs restitution is different than the standard that governs damages. Hence, the Court may award restitution even if it determines that Plaintiff fails to sufficiently adduce evidence to support an award of damages. Damages and restitution are not the same amount. Unlike damages, restitution is not limited to the amount of money Defendant wrongfully acquired plus the legal rate of interest. Equitable relief, including restitution, entitles Plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize. Legal claims for damages are not equally certain as restitution because claims under the FAL and UCL entail fewer elements. In short, significant differences in proof and certainty establish that any potential legal claim cannot serve as an adequate remedy at law.

28.    Equitable relief is also appropriate because Plaintiff may lack an adequate remedy at law if, for instance, damages resulting from their purchase of the Product are determined to be an amount less than the total expenditure in connection with that subscription. Without compensation for the full price of the Product, Plaintiff would be left without the parity in purchasing power to which they are entitled.

## CLASS ACTION ALLEGATIONS

29.    ***Class Definition***.  Plaintiff brings this action on behalf of a class of similarly situated individuals, defined as follows (collectively, the "Class"):

> All persons in the United States who, within the applicable limitation period, up to and including the date of final judgment in this action, purchased the Product at a purported discount.

30.     Plaintiff reserves the right to amend the definition of the Class if discovery or further investigation reveals that the Class should be expanded or otherwise modified.

31.     Specifically excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family.

32.     Plaintiff reserves the right to amend the definition of the Class if discovery or further investigation reveals that the Class should be expanded or otherwise modified.

33.     ***Numerosity.***  The Class is so numerous that their individual joinder herein is impracticable.  On information and belief, the Class comprises at least millions of consumers.  The precise number of the members of the Class and their identities are unknown to Plaintiff at this time but may be determined through discovery.  The members of the Class may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

34.     ***Commonality and Predominance.***  Common questions of law and fact exist as to all the members of the Class and predominate over questions affecting only individual members. Common legal and factual questions include, but are not limited to: (a) whether Defendant's Product was sold at the reference price within 90 days of Plaintiff's and the Class members' purchases; (b) whether Defendant's conduct alleged herein violated California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, and/or California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (c) whether Defendant's conduct alleged herein constitutes conversion and/or unjust enrichment; (d) whether Plaintiff and the Class are entitled to damages and/or restitution; (e) whether Defendant should be enjoined from further engaging in the misconduct alleged herein; and (f) whether Plaintiff and the Class are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5.

35.     ***Typicality.***  The claims of Plaintiff are typical of the claims of the members of the Class because, like other members of the Class, she purchased the Product relying on the representations and omissions made by Defendant that the Product was being sold at a discount from its false reference pricing.

36.     *Adequacy*.  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has no interests antagonistic to the Class's interests, and Plaintiff has retained counsel that has considerable experience and success in prosecuting complex class actions and consumer-protection cases.

37.     *Superiority*.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons: prosecutions of individual actions are economically impractical for members of the Class; the Class are readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

38.     Defendant has acted or failed to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

39.     Without a class action, Defendant will continue a course of action that will result in further damages to Plaintiff and the Class and will likely retain the benefits of its wrongdoing.

40.     Based on the foregoing allegations, Plaintiff's claims for relief include those set forth below.

<u>COUNT I</u>
**Violations of California's False Advertising Law ("FAL"),**
**Cal. Bus. & Prof. Code §§ 17500, *et seq*.**
**(On behalf of Plaintiff and the Class)**

41.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

42.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

43.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state,  …in any advertising device … or in any other manner or means whatever, including over the Internet, any statement, concerning … personal property or services, professional

or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

44.     The FAL further provides that "no price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price … within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." *See* Cal. Bus. & Prof. Code § 17501.

45.     Defendant has violated Sections 17500 and 17501 of the California Business and Professions Code.

46.     Defendant has violated, and continues to violate, section 17500 of the Business and Professions Code by disseminating untrue and misleading advertisements to Plaintiff and the members of the Class.

47.     As alleged more fully above, Defendant advertises purported former prices along with discounts for the Product. Defendant does this by representing that the purported 25% sale represents a significant discount off the Product's regular price (*i.e.*, $79.95). Defendant also advertises false seasonal themes and fake countdown timers to create a sense of urgency. Reasonable consumers understand time-limited discounts and reference pricing as indicating the "former" and "regular" prices—*i.e.*, the amounts charged by Defendant before the temporary discount was implemented and those to be reinstated afterward.

48.     The reference prices advertised by Defendant are not the regular prices for the Product because Defendant never charged that amount – that price is a fiction.  Moreover, for the same reasons, the reference price was not the true former price of the Product, given the existence of perpetual sales on Defendant's Website.  Accordingly, Defendant's statements about the former prices of its Product, and its statements about its discounts from those former prices, were untrue and misleading.  In addition, Defendant's statements that its discounts were available for a limited time were also false and misleading and were designed to give consumers a sense of urgency when, in fact, the purported sales price is perpetually available.

49.     Furthermore, Defendant has violated, and continues to violate, section 17501 of the FAL by advertising former prices for the Product that were not the prevailing market price within three months immediately preceding the advertising.  As explained above, Defendant's advertised regular price for the Product, which reasonable consumers would understand to denote its former price, was not its prevailing market price within three months preceding publication of the advertisement.  And Defendant's former price advertisements do not state clearly, exactly, and conspicuously when, if ever, the former prices prevailed.  Defendant's advertisements do not indicate whether or when the purported former prices were offered at all

50.     Defendant's actions in violation of the FAL, as described herein, were false and misleading, such that the general public is and was likely to be deceived.

51.     Plaintiff and the members of the Class were not aware of Defendant's false discounts at the time they purchased the Product.

52.     As such, Plaintiff and the members of the Class saw, read, and reasonably relied on Defendant's statements and omissions to their detriment.

53.     In addition, class-wide reliance can be inferred because Defendant's representations were material, *i.e.*, a reasonable consumer would consider them important in deciding whether to purchase the Product.

54.     Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the members of the Class.

55.      Plaintiff and the members of the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Product if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Product because the it was sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received subscriptions with market values lower than the promised market values.

56.     Plaintiff and the members of the Class seek restitution, attorneys' fees, and all other relief that the Court deems proper.

1
2
3

<u>COUNT II</u>
**Violations of California's Consumers Legal Remedies Act ("CLRA"),**
**Cal. Civ. Code §§ 1750, *et seq.***
**(On behalf of Plaintiff and the Class)**

4       57.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the

5   preceding paragraphs as though alleged in this Count.

6       58.     Plaintiff brings this claim individually and on behalf of the members of the Class

7   against Defendant.

8       59.     Plaintiff and the members of the Class are "consumers" within the meaning of Cal.

9   Civil Code § 1761(d) in that Plaintiff and the Class sought or acquired Defendant's goods and/or

10  services for personal, family, or household purposes.

11      60.     Defendant's selection and/or subscription offers and the other products pertaining

12  thereto are "goods" and/or "services" within the meaning of Cal. Civil Code § 1761(a) and (b).  The

13  purchases by Plaintiff and the Class are "transactions" within the meaning of Cal. Civil Code §

14  1761(e).

15      61.     The acts and practices of Defendant as described above were intended to deceive

16  Plaintiff and the Class as described herein, and have resulted, and will result, in damages to Plaintiff

17  and the Class.  These actions violated, and continue to violate, the CLRA in at least the following

18  respects: (a) Defendant's representations and omissions about the nature of the Product's discounts

19  conveyed that they have characteristics, uses, and/or benefits, which they do not, in violation of Cal.

20  Civil Code §1770(a)(5); (b) Defendant's acts and practices constitute the advertisement of the goods

21  in question without the intent to sell them as advertised, in violation of Cal. Civil Code § 1770(a)(9);

22  and (c) Defendant's acts and practices constitute "false or misleading statements of fact concerning

23  reasons for, existence of, or amounts of, price reductions," due to its false reference prices and fake

24  limited-duration sales of its Product in violation of Cal. Civil Code § 1770(a)(13).

25      62.     Plaintiff and the members of the Class were injured as a direct and proximate result

26  of Defendant's conduct because (a) they would not have purchased the Product if they had known

27  the discounts and/or regular prices were not real, (b) they overpaid for the Product because it was

28  sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts

they were promised, and received subscriptions with market values lower than the promised market values.

63.     Plaintiff, on behalf of themselves and all other members of the Class, seek an injunction prohibiting Defendant from continuing its unlawful practices in violation of the CLRA.

64.     In compliance with the provisions of California Civil Code § 1782, Plaintiff sent written notice to Defendant on November 20, 2025, informing Defendant of their intention to seek damages under California Civil Code § 1750.  The letter was sent via certified mail, return receipt requested, advising Defendant that it was in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. The letter expressly stated that it was sent on behalf of Plaintiff and "all other persons similarly situated."  Accordingly, if Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend their complaint to include a request for damages as permitted by Civil Code § 1782(d) for Defendant's violations of the CLRA.

**COUNT III**
**Violations of California's Unfair Competition Law ("UCL"),**
**Cal. Bus. & Prof. Code §§ 17200,** *et seq.*
**(On behalf of Plaintiff and the Class)**

65.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

66.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

67.     The UCL prohibits unfair competition in the form of "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act[.]"  Cal. Bus. & Prof. Code § 17200.  The UCL allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.  Cal. Bus. & Prof. Code § 17204.  Such a person may bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

68.     As alleged in detail above, and incorporated herein by reference, Defendant's false sales of the Product violate the UCL's proscription against engaging in **Unlawful Business**

1    **Practices** through its violations of the FAL, Cal. Bus. & Prof. Code § 17500, *et seq.*; CLRA, Cal.

2    Civ. Code §§ 1770-01, *et seq.*; and the FTC, 16 C.F.R. § 233.1, *et seq.*

3          69.    As alleged in detail above, Defendant's false discounts and deceptive strike-through

4    pricing of the Product violate Sections 17500 and 17501 of the FAL (Cal. Bus. & Prof. Code §§

5    17500-1) and Sections § 1770(a)(5), (9) and (13) of the CLRA. Cal. Civil Code § 1770. Furthermore,

6    Defendant's false sales also violate Sections 233.1 and 233.2 of the FTC's regulations. 16 C.F.R. §

7    233.1

8          70.    Each of these acts and practices constitutes an independent violation of the FAL,

9    CLRA, and FTC regulations and thus an independent violation of the UCL.

10          71.    Defendant has also violated the UCL's proscription against engaging **in Unfair**

11    **Business Practices.**  Defendant's acts, omissions, misrepresentations, practices and non-disclosures

12    as alleged herein also constitute "unfair" business acts and practices within the meaning of Business

13    & Professions Code § 17200, *et seq.* in that Defendant's conduct is substantially injurious to

14    consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the

15    gravity of the conduct outweighs any alleged benefits attributable to such conduct.

16          72.    There is no public utility to Defendant's false discounts. The gravity of the

17    consequences of Defendant's conduct as described above outweigh any justification, motive, or

18    reason thereof, particularly considering the available legal alternatives for sales offerings which exist

19    in the marketplace. Defendant's false sales practices only injure healthy competition and harm

20    consumers.

21          73.    Plaintiff and the Class members could not have reasonably avoided this injury.

22    Defendant's representations and omissions were deceptive to reasonable consumers like Plaintiff

23    and the Class.

24          74.    Defendant also violated established public policy by violating the FAL, CLRA, and

25    FTC's regulations. The unfairness of these practices is tethered to the legislatively declared policy

26    from each of those statutes.

27

28

75.    Defendant has also violated the UCL's proscription against engaging **in Deceptive Business Practices.**  As alleged in detail above, Defendant committed deceptive acts by marketing false discounts in violation of the FAL, CLRA, and FTC regulations.

76.    Specifically, Defendant committed deceptive acts by misrepresenting that the Product was on sale, that the sale was time-limited, that it had a specific regular price, and that consumers were receiving discounts. These representations were false and misleading.

77.    Defendant's representations were misleading to Plaintiff and other reasonable consumers.

* * *

78.    For all prongs, Defendant's representations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing the Product. Defendant's representations were a substantial factor in Plaintiff's purchasing decision.

79.    In addition, class-wide reliance can be inferred because Defendant's representations were material, *i.e.*, a reasonable consumer would consider them important in deciding whether to purchase the Product.

80.    Defendant's violations have continuing and adverse effects because Defendant's unlawful conduct is continuing, with no indication that Defendant intends to cease this unlawful course of conduct.  The public and the Class members are subject to ongoing harm because the unlawful and/or unfair business practices associated with the Product are still used by Defendant today.

81.    Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the members of the Class.

82.     Plaintiff and the members of the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Product if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Product because the it was sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received subscriptions with market values lower than the promised market values.

83.     Pursuant to California Business and Professional Code § 17203, Plaintiff and the Class seek restitution, attorneys' fees, and all other relief that the Court deems proper.

## COUNT IX
### Negligent Misrepresentation
### (On behalf of Plaintiff and the Class)

84.     Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

85.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant under the laws of California.

86.     As discussed above, Defendant made false representations and material omissions of fact to Plaintiff and the Class concerning the Product's discounts and reference prices.

87.     These representations were false.

88.      When Defendant made these misrepresentations and material omissions of fact, it knew or should have known that they were false or misleading. Defendant had no reasonable grounds for believing that these representations were true or that the material omissions were not misleading when made.

89.     Defendant intended that Plaintiff and the Class members rely on these representations and material omissions of fact and Plaintiff reasonably relied on them.

90.     In addition, class-wide reliance can be inferred because Defendant's misrepresentations and omissions were material, *i.e.*, a reasonable consumer would consider them important in deciding whether to purchase Defendant's Product.

91.     Defendant's misrepresentations and omissions were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the Class members.

92.      Plaintiff and the members of the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Product if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Product because the it was sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts

they were promised, and received subscriptions with market values lower than the promised market values.

93.    For the negligent misrepresentation claims, Plaintiff seeks all damages available, including expectation damages, punitive damages, and/or damages measured by the price premium charged to Plaintiff and the Class as a result of Defendant's unlawful conduct.

## COUNT X
### Intentional Misrepresentation
### (On behalf of Plaintiff and the Class)

94.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

95.    Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant under the laws of California.

96.    As discussed above, Defendant made false representations and material omissions of fact to Plaintiff and the Class concerning the Product's discounts and reference prices.

97.    These representations and material omissions of fact were false and misleading.

98.    When Defendant made these misrepresentations and material omissions of fact, it knew that they were false and misleading at the time they were made and/or Defendant acted recklessly in making the misrepresentations and omissions.

99.    Defendant intended that Plaintiff and the Class members rely on these representations and material omissions of fact and Plaintiff reasonably relied on them.

100.    In addition, class-wide reliance can be inferred because Defendant's misrepresentations and omissions were material, *i.e.*, a reasonable consumer would consider them important in deciding whether to purchase Defendant's Product.

101.    Defendant's misrepresentations and omissions were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the Class members.

102.    Plaintiff and the members of the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Product if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Product because the it was

sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received subscriptions with market values lower than the promised market values.

103.    For the intentional misrepresentation claims, Plaintiff seeks all damages available, including expectation damages, punitive damages, and/or damages measured by the price premium charged to Plaintiff and the Class as a result of Defendant's unlawful conduct.

## COUNV XI
### Breach of Contract
### (On behalf of Plaintiff and the Class)

104.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

105.    Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant under the laws of California.

106.    Plaintiff and the Class members entered into contracts with Defendant when they placed orders to purchase the Product.

107.    The contracts provided that Plaintiff and the Class members would pay Defendant for the Product ordered.

108.    The contracts further required that Defendant provide Plaintiff and the Class members with a Product that has a market value equal to the regular prices displayed on the Website. They also required that Defendant provide Plaintiff and the Class members with the discount equal to the difference between the price paid and the regular prices advertised. These were specific and material terms of the contract.

109.    The listed regular price, and specific discounts, were a specific and material term of each contract, and were displayed to Plaintiff and the Class members at the time they placed their orders.

110.    Plaintiff and the Class members paid Defendant for the Product they ordered, and satisfied all other conditions of their contracts.

111.    Defendant breached the contracts with Plaintiff and the Class members by failing to provide the Product that had a regular price, former price, and/or prevailing market value equal to the regular price displayed on its Website, and by failing to provide the promised discount.

112.    Plaintiff provided Defendant with notice of this breach of contract, by mailing a notice letter to Defendant's California headquarters and to Defendant's California registered agent on November 20, 2025.

113.    As a direct and proximate result of Defendant's breaches, Plaintiff and the Class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

114.    For the breach of contract claims, Plaintiff seeks all damages available including expectation damages and/or damages measured by the price premium charged to Plaintiff and the Class as a result of Defendant's unlawful conduct.

## COUNV XII
### Breach of Express Warranty
### (On behalf of Plaintiff and the Class)

115.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

116.    Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant under the law of California.

117.    Defendant, as the marketer, distributor, supplier, and seller of the Product, issued material, written warranties by advertising that the Product had a market value equal to the regular price displayed on Defendant's Website. This was an affirmation of fact about the Product (*i.e.*, a representation about the market value) and a promise relating to the goods.

118.    This warranty was part of the basis of the bargain and Plaintiff and members of the Class relied on this warranty.

119.    In fact, the stated market value was not the market value. Thus, the warranty was breached.

120.   Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's California headquarters and to Defendant's California registered agent on November 20, 2025.

121.   Plaintiff and the Class members were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased the Product if they had known that the warranty was false, (b) they overpaid for the Product because the Product was sold at a price premium due to the warranty, and/or (c) they did not receive the Product as warranted that they were promised.

122.   For their breach of express warranty claims, Plaintiff seeks all damages available including expectation damages and/or damages measured by the price premium charged to Plaintiff and the Class as a result of Defendant's unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.   For an order certifying the Class and naming Plaintiff as a representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

b.   For an order declaring Defendant's conduct violates the statutes referenced herein;

c.   For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.   For actual, expectation, reliance, compensatory, statutory, and/or punitive damages in amounts to be determined by the Court and/or jury;

e.   For prejudgment interest on all amounts awarded;

f.   For recission, restitution and all other forms of equitable relief;

g.   For injunctive relief as pleaded or as the Court may deem proper; and

h.   For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses, and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: November 20, 2025                                    Respectfully submitted,


                                            By:    _/s/ Adrian Gucovschi_
                                                   Adrian Gucovschi (SBN 360988)

                                                   **GUCOVSCHI LAW FIRM, PLLC.**
                                                   140 Broadway, Fl. 46
                                                   New York, NY 10005
                                                   Telephone: (212) 884-4230
                                                   Facsimile: (212) 884-4230
                                                   E-Mail: adrian@gucovschilaw.com

                                                   **-and-**

                                                   **HEDIN LLP**
                                                   Frank S. Hedin (SBN 291289)
                                                   1395 Brickell Ave., Suite 610
                                                   Miami, Florida 33131-3302
                                                   Telephone: (305) 357-2107
                                                   Facsimile: (305) 200-8801
                                                   E-Mail: fhedin@hedinllp.com


                                                   *Attorneys for Plaintiff*

1

## CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

2

3      I, Adrian Gucovschi, declare as follows:

4      1.      I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court.

5      I am a partner at Gucovschi Law Firm, PLLC, counsel of record for Plaintiff Teresa Roberts in this action.  Plaintiff alleges that she is a citizen of California who resides in Paradise, California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

6      2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that Defendant The Body Firm, LLC regularly does business in the Central District of California, and a substantial portion of the events alleged in the Complaint, including the same misrepresentations, omissions, and injures as alleged herein, have occurred in this judicial District.

      I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed at Miami, Florida, on November 20, 2025.


                    */s/ Adrian Gucovschi*
                    Adrian Gucovschi