1  Frank S. Hedin (SBN 291289)
2  **HEDIN LLP**
   1395 Brickell Ave., Suite 610
3  Miami, Florida 33131-3302
   Telephone: (305) 357-2107
4  Facsimile: (305) 200-8801
   E-Mail: fhedin@hedinllp.com
5
6  Adrian Gucovschi (State Bar No. 360988)
   **GUCOVSCHI LAW FIRM**
7  140 Broadway, 46th Floor
   New York, New York 10005
8  Telephone: (212) 884-4230
   E-Mail: adrian@gucovschilaw.com
9
10 *Counsel for Plaintiff and Putative Class*
11
   *[Additional counsel listed on signature page]*
12

13            **UNITED STATES DISTRICT COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
14

15 TERESA ROBERTS, individually and on        Case No. 2:25-cv-11126-SB-MBK
   behalf of all others similarly situated,
16                                            **JOINT RULE 26(f) REPORT**
                       Plaintiff,
17                                            Judge: Hon. Stanley Blumenfeld, Jr.
          v.                                  Original Complaint Filed:  November 20, 2025
18                                            Responsive Pleading (New Response Date):
   THE BODY FIRM, LLC,                        January 28, 2026
19                                            Proposed Trial Date:  March 28, 2027
                       Defendant.
20

21

22

23

24

25

26

27

28

1

**JOINT RULE 26(F) REPORT AND CASE MANAGEMENT STATEMENT**

2    Plaintiff Teresa Roberts ("Plaintiff") and Defendant The Body Firm, LLC ("Defendant")

3 (collectively, the "Parties"), pursuant to Federal Rule of Civil Procedure 26(f) and this Court's

4 December 18, 2025 Mandatory Scheduling Conference Order (ECF No. 12), hereby submit the

5 following Joint 26(f) Report.

6 **1.    SUBJECT-MATTER JURISDICTION**

7    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because there are

8 more than 100 alleged putative class members, and the aggregate amount in controversy exceeds

9 $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a

10 state different from Defendant.

11 **2.    STATEMENT OF THE CASE**

12    **A.    Plaintiff's Statement**

13    This is a class action lawsuit brought against Defendant The Body Firm, LLC ("Defendant")

14 for engaging in deceptive pricing practices by falsely advertising a "25% Off" discount from a

15 purported regular price that was never actually charged for its "Age-Defying Body & Face Kit"

16 cosmetic product (the "Product"). ECF 1 ("Compl") ¶ 2. Specifically, Defendant used false

17 strikethrough pricing along with seasonal sales and countdown timers to create the impression of a

18 time-limited deal, when in fact, the Product was always sold at the discounted price. *Id.* ¶ 18.

19 Plaintiff saw and relied on these representations when purchasing the Product on October 14, 2025.

20 *Id.* ¶ 5. Had she been aware of Defendant's deceptive discounts, she would not have purchased the

21 Product at all or on the same terms. *Id.* Plaintiff seeks to represent a nationwide class based on

22 Defendant's false and deceptive advertising, in violation of (1) California's False Advertising Law

23 ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (2) California's Consumers Legal Remedies

24 Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (3) California's Unfair Competition Law ("UCL"),

25 Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (4) negligent misrepresentation; (5) intentional

26 misrepresentation; (6) breach of contract; and (7) breach of express warranty. *Id.* ¶¶ 3, 29. Plaintiff

27 believes that a nationwide class is appropriate in this case because Defendant's promotion,

28 marketing, and sale of the Product emanated from this District. *Id.* ¶ 6, 9; *see also Precht v. Kia*

*Motors Am., Inc.*, No. SA CV 14-1148-DOC (MANx), 2014 U.S. Dist. LEXIS 185202, at *12-13 (C.D. Cal. Dec. 29, 2014) (permitting an out-of-state plaintiff to bring California claims where "the FAC sufficiently alleges that California was where Defendant made its decisions about what to communicate and what not to communicate to consumers, whether that communication was through marketing materials, instructions to franchisees, or owner's manuals and warranty booklets.").

**Defendant's Statement**

Defendant The Body Firm, LLC markets and sells products designed to improve the appearance of skin on the body. Defendant markets and sells its products through multiple channels, including direct-to-consumer website, television advertising, telemarketing agents, and third-party retailers, such as Amazon.com. From time to time, Defendant markets and offers its products for sale at discounted prices, but contrary to Plaintiff's allegations, Defendant's discounted offers and related marketing are not deceptive, false, or fake. Defendant thus denies Plaintiff's allegations. Additionally, Defendant contends that Plaintiff lacks standing to pursue her claims, as Defendant has no record of any purchases by Plaintiff.

Defendant may file a motion to dismiss Plaintiff's complaint for failure to state any claim or cause of action for which relief can be granted. Should the case proceed, Defendant will raise several affirmative defenses, including without limitation: (1) lack of standing; (2) any statements, representations, or advertising by Defendant were true, accurate, and not misleading to Plaintiff or to a reasonable consumer; (3) Defendant's conduct is expressly permitted by and complies with applicable state and federal statutes, regulations, and administrative guidance, and thus the claims are barred under California's "safe harbor" doctrine; (4) Plaintiff failed to comply with the pre-suit notice requirements; (5) Plaintiff's claims are not suitable for class treatment because individual issues of reliance, causation, materiality, damages, and defenses predominate over common questions; and (6) Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, failure to mitigate, assumption of risk, and unclean hands. Defendant does not anticipate alleging any counterclaims.

**3.      DAMAGES/INSURANCE**

    **A.      Damages**

        **a.  Plaintiff:**

Plaintiff seeks restitution and actual damages. Plaintiff also reserves the right to amend the complaint to seek statutory damages under the CLRA.  The size of the class is presently unknown to Plaintiff, but Plaintiff estimates it exceeds a hundred thousand individuals.  Plaintiff believes that potential class damages will be in the tens of millions of dollars.

        **b.  Defendant:**

Defendant denies and disputes that Plaintiff or the putative class are entitled to any damages or equitable relief.

    **B.      Insurance**

        **a.  Plaintiff:**

Plaintiff is unaware at this moment if Defendant may have insurance coverage.

        **b.  Defendant:**

Defendant continues to investigate whether any insurance coverage available for this matter.

**4.      EVIDENCE PRESERVATION**

Counsel for all parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  During the Rule 26(f) conference on January 14, 2025, counsel for all parties met and conferred regarding reasonable and proportionate steps to preserve evidence relevant to pertinent issues in this action.  The Parties represent they have each taken reasonable and proportionate steps to preserve evidence related to the issues reasonably evident in this action.

**5.      DISCOVERY**

    **A.  Status of Discovery**

The Parties held a Rule 26(f) conference on January 14, 2025.  The Parties are preparing to exchange initial disclosures and other helpful information to narrow disputed facts and advance settlement discussions.

    **B.  Discovery Plan**

The Parties agree, pursuant to Fed. R. Civ. P. 5(b)(2)(E), that service in each action may be

1    made by electronic mail, with copies sent to all attorneys of record in that case

2              **a.  Case Schedule**

3    The Parties' proposed schedule is set forth in **Appendix A.**

4              **b.  Rule 26(f)(3)(A): What changes should be made in the timing, form, or**
5                  **requirement for disclosures under Rule 26(a), including a statement of**
6                  **when initial disclosures were made or will be made.**

7    The Parties intend to serve their respective Rule 26(a)(1) initial disclosures 14 days after
8    the Parties' 26(f) conference.

9              **c.  Rule 26(f)(3)(B): The subjects on which discovery may be needed, when**
10                 **discovery should be completed, and whether discovery should be conducted**
11                 **in phases or be limited to or focused on particular issues.**

12                      **i.  Plaintiff:**

13   Plaintiff will seek discovery regarding, among other things, the following: (i) documents
14   sufficient to show all transactions of the Product and other marketing on Defendant's website,
15   including promotional sales; (ii) documents and documentation regarding Defendant's pricing of
16   the Product and purported discounts; (iii) documents and communications relevant to identifying
17   class members within the class period; and (iv) documents pertaining to any affirmative defense to
18   individual liability that Defendant may raise.

19                      **ii.  Defendant:**

20   Defendant contends that discovery should be bifurcated to proceed first with discovery on
21   matters pertaining specifically to class certification and then, following and depending on the
22   outcome of class certification, to discovery on liability and damages issues.

23   In addition to the categories of discovery identified by Plaintiff, for which Defendant
24   reserves all objections regarding scope, burden, confidentiality, privilege, etc., Defendant
25   anticipates seeking discovery from Plaintiff regarding, among other things, the following: (1)
26   Plaintiff's purchase history with Defendant; (2) Plaintiff's search history of Defendant's website
27   and of third party retailers selling Defendant's products or products similar to Defendant's products
28   during the relevant time period; (3) Plaintiff's purchase of products similar to Defendant's products

from other retailers during the relevant time period; (4) Plaintiff's exposure to beauty industry marketing and her alleged reliance on Defendant's marketing; (5) non-privileged communications and documents involving Plaintiff as related to the allegations of the Complaint; (6) Plaintiff's prelitigation investigation.

Defendant also anticipates the need for expert discovery on liability and damages issues.

**d.  Rule 26(f)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Protective orders should be entered, which should include Rule 502 protections, and the Parties intend to meet and confer and work toward submitting such orders to this Court for its consideration and approval before confidential information is due to be provided in discovery.

**e.  Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

None are identified at this time.

**f.  Rule 26(f)(3)(F): Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None are identified at this time.

**6.  <u>LEGAL ISSUES</u>**

A non-exhaustive list of legal issues presented by the litigation includes:

- Whether Defendant's Product was sold at the reference price within 90 days of Plaintiff's and the Class members' purchases;

- whether Defendant's conduct alleged herein violated California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, and/or California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

- Whether Defendant's conduct as alleged herein constitutes negligent misrepresentation, intentional misrepresentation, and/or a breach of contract;

- Whether Plaintiff and the Class are entitled to damages and/or restitution;

- Whether Defendant should be enjoined from further engaging in the misconduct alleged herein; and

- Whether Plaintiff and the proposed Class members are entitled to damages, restitution, and reasonable attorneys' fees, pre-judgment interest and costs of this suit; and

- Whether Plaintiff can plead and prove that Rule 23 is satisfied such that this action could be certified as a class action.

## 7.   MOTIONS

### A.  Procedural Motions:

#### a.  Plaintiff:

At this time, Plaintiff does not anticipate filing a motion to add other parties or claims or file an amended pleading.  However, Plaintiff reserves the right, pursuant to Rule 15, to add additional plaintiffs, seeking similar relief in other states, replace class representatives, or consolidate with additional filed actions, should the need arise.

#### b.  Defendant

Defendant does not anticipate any procedural motions at this time.

### B.  Dispositive Motions:

#### a.  Plaintiff:

Plaintiff may file a motion for summary judgment after Class certification is decided (and class notice is provided, if necessary).

#### b.  Defendant:

Defendant may file a motion to dismiss for failure to state a claim. Should the matter proceed beyond the pleadings or class certification, Defendant anticipates filing a motion for summary judgment and/or partial summary judgment.

### C.  Class Certification:

**a.  Plaintiff:**

Plaintiff believes that Class certification will likely involve factual and legal issues related to the putative class size, Defendant's website and marketing of Product, and expert testimony regarding class size and damages modeling.

**b.  Defendant:**

Defendant does not dispute the issues that may be involved in any motion for class certification to be filed by Plaintiff but intends to oppose any motion for class certification.

**8.      ALTERNATIVE DISPUTE RESOLUTION**

**A.  Prior Discussions:**

The Parties have engaged in preliminary settlement discussions.

**B.  ADR Selection:**

**a.  Plaintiff:**

Plaintiff believes that private mediation (ADR-3) represents the best avenue to resolve the parties' dispute. Additionally, an initial informal exchange of information regarding the class's claims would be necessary for any settlement discussions to be fruitful.

**b.  Defendant:**

Defendant agrees that private mediation generally provides an effective mechanism for early resolution, and will consider private mediation for this matter at the appropriate time.

**9.      TRIAL:**

**A.  Proposed Trial Date:**

Given the need to certify a class, provide class notice, and the likelihood of extensive expert discovery and post-Class certification dispositive motion practice, the Parties request that the trial be set for May 28, 2027, which is 16 months from the original due date of Defendant's initial responsive pleading, or at a later date convenient for the Court.

**B.  Time Estimate:**

**a.  Plaintiff:**

Plaintiff believes that the trial will last approximately six days.  Plaintiff intends on calling between 3-4 witnesses.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    **b.  Defendant:**

Defendant anticipates the trial will last approximately 7 – 10 days and anticipates the need to call 5 – 6 witnesses, inclusive of expert witnesses.

    **C.  <u>Jury or Court Trial:</u>**

The Parties request a trial by jury on all issues so triable.

    D.  <u>**Magistrate Judge:**</u>

At this time, the Parties do not agree to try the case before a Magistrate Judge.

    **E.  <u>Trial Counsel:</u>**

      **a.  Plaintiff:**

Adrian Gucovschi and Frank S. Hedin will try the case on behalf of Plaintiff and the Class.

      **b.  Defendant:**

Melissa N. Eubanks and Diyari Vazquez of VGC, LLP.

**10.**     **<u>SPECIAL REQUESTS/OTHER ISSUES:</u>**

The Parties do not anticipate that an independent expert or master will be needed in this Action.

1   Dated: January 15, 2026

2   Respectfully submitted,

3   **GUCOVSCHI LAW FIRM, PLLC**      **VGC, LLP**

4   By:_ /s/  Adrian Gucovschi___      By: /s/  Melissa N. Eubanks
          Adrian Gucovschi

5                              Melissa N. Eubanks
     Adrian Gucovschi (SBN 360988)    9461 Charleville Boulevard, Suite 757

6   140 Broadway, Fl. 46              Beverly Hills, CA 90212
     New York, NY 10005              Telephone: 424-272-9855

7   Telephone: (212) 884-4230       Email: meubanks@vgcllp.com
     Facsimile: (212) 884-4230

8   E-Mail: adrian@gucovschilaw.com    *Attorneys for Defendant*

9   **HEDIN LLP**
     Frank S. Hedin (SBN 291289)

10  1395 Brickell Ave., Suite 610
     Miami, Florida 33131-3302

11  Telephone: (305) 357-2107
     Facsimile: (305) 200-8801

12  E-Mail: fhedin@hedinllp.com

13

14  *Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## APPENDIX A

The Parties propose that the Court enter the below schedule for this action.  The Parties believe that sequencing discovery after the Court's ruling on class certification is appropriate and necessary because this is a class action and there is a potential for prejudice in adjudicating summary judgment prior to a decision on class certification.

| Event | Proposed Deadline |
|---|---|
| Initial Disclosures | February 6, 2026 |
| Last Day to Amend Pleadings | February 28, 2026 |
| Class Certification Motion | May 23, 2026 |
| Plaintiff's Disclosure of Expert Names and General Subject Matter | Simultaneously with filing of motion for class certification |
| Class Certification Opposition | 60 days after Plaintiff's Class Certification Motion is filed |
| Defendant's Disclosure of Expert Names and General Subject Matter | Simultaneously with filing of class certification opposition |
| Class Certification Reply | 45 days after Defendant's Class Certification Opposition is filed |
| Fact Discovery Completion (for non-expert discovery) | 120 days after decision on class certification |
| Motion for Summary Judgment by Plaintiff | TBD after the Court rules on Plaintiff's motion for class certification |
| Initial Merits Expert Disclosures | TBD after the Court rules on Plaintiff's motion for class certification |
| Summary Judgment Motion/Opposition by Defendant | TBD after the Court rules on Plaintiff's motion for class certification |
| Rebuttal Merits Expert Disclosures | TBD after the Court rules on Plaintiff's motion for class certification |
| Summary Judgment Opposition/Reply by Plaintiff | TBD after the Court rules on Plaintiff's motion for class certification |
| Expert Discovery Cutoff | TBD after the Court rules on Plaintiff's motion for class certification |

| Event | Proposed Deadline |
|---|---|
| Summary Judgement Reply by Defendant | TBD after the Court rules on Plaintiff's motion for class certification |
| Hearing on Motion for Summary Judgment | TBD after the Court rules on Plaintiff's motion for class certification |
| *Daubert* Motions | TBD after the Court rules on Plaintiff's motion for class certification |
| Motions in Limine | TBD after the Court rules on Plaintiff's motion for class certification |
| Final Pre-Trial Conference | TBD after the Court rules on Plaintiff's motion for class certification |
| Trial | May 28, 2027 |